09-1517-cv
Bang v. IBM Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March , two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

-----------------------------------------------------------------
EDMOND S. BANG,

> *Plaintiff-Appellant*,

> v.                                                    No. 09-1517-cv

IBM CORPORATION,

> *Defendant-Appellee.*
-----------------------------------------------------------------

APPEARING FOR APPELLANT:        EDMOND S. BANG, *pro se*, Huntington Station, New York.

APPEARING FOR APPELLEE:         ALLAN S. BLOOM (Emily J. Ratté, *on the brief*), Paul, Hastings, Janofsky & Walker LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 25, 2009, is AFFIRMED.

Plaintiff Edmond S. Bang appeals pro se from the judgment of the district court upon a jury verdict in favor of defendant IBM Corporation ("IBM"), Bang's former employer, with respect to Bang's claim that his termination violated the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. In reviewing a challenge to a jury verdict, we examine the record in the light most favorable to the prevailing party, and "[w]e will overturn a verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the appellant that reasonable and fair minded men could not arrive at a verdict against [him]." Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005) (internal quotation marks and brackets omitted). To the extent Bang challenges the district court's denial of his post-verdict motion for judgment as a matter of law, the same standard applies. See Madeira v. Affordable Housing Found., Inc., 469 F.3d 219, 227 (2d Cir. 2006). We assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

Reviewing the record, as we must, in the light most favorable to IBM, we conclude that the evidence presented to the jury – which included negative performance reviews, a written evaluation of Bang's work that he appears to have modified to be more favorable to

2

himself, and an internal IBM email concerning billing procedure that Bang acknowledged forwarding to an address outside the company – was more than sufficient to support a verdict adverse to Bang. To the extent Bang challenges the credibility of IBM's witnesses, "we cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury." Gronowski v. Spencer, 424 F.3d at 292.

Bang further contends that the district court erred in failing to admit evidence pertaining to the settlement of an unrelated case from the Southern District of Illinois in which IBM was alleged to have interfered with pension benefits. We review evidentiary rulings for abuse of discretion, see Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007), and detect none here, as Bang presented no evidence indicating that he was a participant in any pension plan or contradicting the testimony of Michael Rice and Kelitza Gomez that they had no knowledge of his participation in any such plan, see Fed. R. Evid. 401, 402. To the extent Bang asks us to consider other evidence his attorney failed to present at trial, he has identified no "extraordinary circumstances" that would warrant such consideration. See International Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975).

We have considered Bang's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court